Bernard F. McCaffrey, J.
This motion by the plaintiff for an order pursuant to CPLR 3101 to take the deposition upon oral questions of the defendant, Robert P. Janssen, is granted to the extent noted below.
At the outset, the court notes that this is an action commenced by service of a summons dated May 9, 1974 by the plaintiff wife upon the defendant husband. This summons and accompanying complaint, verified May 10, 1974, commenced an action based upon an alleged conversion of moneys jointly held by the parties, by the defendant’s removal of said moneys from certain bank accounts and from a jointly held bank deposit box on or about April 15, 1974. Further, the court notes that a second complaint, verified September 24, 1974, and amended November 29, 1974, was served and instituted a divorce action which proceeded with the conversion action under the same index number. These two actions were never consolidated, although they could have been under the procedures available under section 234 of the Domestic Relations Law. The court directs that the parties should expeditiously move to consolidate, or, in the alternative, obtain separate index numbers.
The plaintiff in the instant motion seeks an examination before trial of the defendant. The defendant opposes disclosure contending that, since there was a prior motion made in the matrimonial action which was denied, this denial would be the law of the case, and, thus the plaintiff is not entitled to an examination in the instant action. This position is without merit, except to the extent that as a decision by a Justice of this court it does constitute the law of the case in the matrimonial matter. However, as to the conversion action, the plaintiff is entitled to an examination before trial which shall be limited exclusively to the issues contained in the alleged cause of action for conversion and shall not include questions as to the general finances of the defendant. For, even if this cause of action had been incorporated in the matrimonial lawsuit at the time of its commencement, or, if it had been consolidated on the motion of either party, the plaintiff would still be entitled to an examination before trial relative to the allegations concerning the cause of action for conversion. (Panetta v Panetta, 35 AD2d 967.)
*132 The provisions of section 234 of the Domestic Relations Law are procedural and do not affect what would otherwise be a party’s right to an examination before trial. This is so even though, as here, the action for conversion shares some common facts with the matrimonial action. The determination rests on the type of action and nature of relief sought. Here, what is sought is the return of property allegedly illegally taken as distinguished from the relief of equitable distribution of marital property as part of the relief sought in a matrimonial action.
Thus, the court finds that in this case the plaintiff is entitled to the relief sought, even though such a determination might give rise to a multiplicity of suits of this nature in an attempt to circumvent the present applicable case law governing examinations before trial in matrimonial matters. However, to hold otherwise would result in further unwarranted restrictions on discovery procedures.